UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN A. ELLIOTT, JR.,

                          **Appellant,**

v.                                                                   7:15-CV-1221 (BKS)

PHH MORTGAGE CORPORATION as servicer for
Keybank National Association,

                          **Appellee.**
_____

**APPEARANCES:**

For Appellant:
**James F. Selbach, Esq.**
Selbach Law Offices, P.C.
2700 Bellevue Avenue
Syracuse, NY 13219

For Appellee:
**Nicole DiStasio, Esq.**
Shapiro, Dicaro & Barak, LLC
175 Mile Crossing Boulevard
Rochester, NY 14624

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Presently before the Court is a motion by Appellee PHH Mortgage Corporation as servicer for KeyBank National Association for an award of damages and costs under Federal Rule of Bankruptcy Procedure 8020 following the Court's denial of the appeal by Appellant John A. Elliott, Jr. (Dkt. Nos. 15, 13). Appellee argues that Appellant's attorney, James F. Selbach,

1

Esq., pursued a frivolous appeal and should be personally liable for damages and costs. For the reasons stated below, the motion is denied.

## II.   BACKGROUND

The Court assumes familiarity with the underlying facts of the case; therefore, the following is an abbreviated recitation of the relevant background. *See* (Dkt. No. 13).

### A. Attorney Selbach's Consistently Late Filings

The Court received the bankruptcy record on appeal for this matter on November 9, 2015. (Dkt. No. 1). The following day, the Court entered a scheduling notice requiring Attorney Selbach to file Appellant's brief on appeal by December 21, 2015. (Dkt. No. 3). On December 23, as Appellant had not yet filed a brief, chambers emailed Attorney Selbach regarding the overdue filing. Then, on January 6, 2016, the Court entered a text order noting that Appellant had still failed to file a brief and giving him until January 13 to file. (Dkt. No. 4). The order advised Appellant that failure to file on or before that date could lead to dismissal of the appeal. (*Id.*). Finally, over three weeks after the initial deadline, Attorney Selbach filed the brief on January 13. (Dkt. No. 5).

On December 2, 2016, the Court directed Appellant "to obtain and file a transcript of the September 24, 2015 hearing in the underlying bankruptcy matter" and to "file a status report by December 9, 2016, notifying the Court that the transcript has been ordered." (Dkt. No. 9). Again, Attorney Selbach missed the deadline. Chambers emailed Attorney Selbach on December 16, 2016 regarding the delay and subsequently phoned his office. On December 22, 2016, the Court issued a text order giving Appellant until January 9, 2017 to comply with the text order. (Dkt. No. 10). The order noted that failure to comply would lead the Court to "consider the imposition of sanctions." (*Id.*). Finally, on January 12, Selbach filed notice that he

had ordered the transcript.  (Dkt. No. 12).  This notice was over a month overdue and three days after the Court's final deadline.

The Court ultimately denied the appeal.  (Dkt. No. 13).  Appellee filed the pending motion on March 10, 2017.  (Dkt. No. 15).  Appellant was required to file his response on or before April 3, 2017.  (*Id.*).  Yet again, Attorney Selbach missed the deadline, submitting the response eleven days late on April 14, 2017.  (Dkt. No. 19).

### B. Appellant's Arguments on Appeal

On appeal, Appellant raised four points.  First, he argued that the bankruptcy court erred by requiring the debtors to produce evidence at the pleading stage of the contested matter.  (Dkt. No. 5, p. 7).  Second, he argued that the bankruptcy court erred by making findings of fact and conclusions of law without an evidentiary hearing, noting that "[r]equiring evidence in the pleadings denied the Debtors procedural due process."  (*Id.* at p. 13).  In that point, he also argued that the Debtors were denied "an impartial arbiter."  (*Id.*).  Third, he argued that the bankruptcy court erred in finding that the pleadings were insufficient.  (*Id.*).  Finally, he argued that the bankruptcy court erred in finding that the relevant written correspondence was an *in rem* attempt to collect.  (*Id.* at p. 15).

### III.   DISCUSSION

As an initial matter, the Court notes that Attorney Selbach has not sought permission to file an untimely response or made any showing of good cause for the untimely filing.  Local Rule 7.1(b)(3) provides, in relevant part:

> The Court shall not consider any papers required under this Rule that are not timely filed . . . unless good cause is shown.  Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion . . . unless good cause is shown.

Since there has been no showing of good cause, the Court will not consider Attorney Selbach's submissions.

It remains incumbent upon the Court to consider whether Appellee has met its burden to demonstrate entitlement to relief.  Under Bankruptcy Rule 8020, a district court may "award just sanctions and single or double costs to the appellee" if the court "determines that an appeal is frivolous."  "When reviewing a request for Rule 8020 sanctions, a district court must employ the standards established by Rule 38 of the Federal Rules of Appellate Procedure."  *In re Negosh*, No. 06-CV-5617 (JS), 2007 WL 2445158, at *6, 2007 U.S. Dist. LEXIS 61842, at *15 (E.D.N.Y. Aug. 22, 2007).  In the Second Circuit, "[f]rivolousness is determined . . . not in the abstract but in relation to the arguments actually made by the appellant."  *Id.* at 2007 WL 2445158, at *6, 2007 U.S. Dist. LEXIS 61842, at *15–16 (quoting *Iwachiw v. N.Y. State DMV*, 396 F.3d 525, 529 (2d Cir. 2005)).  "The arguments must be 'groundless, without foundation, and without merit.'"  *Id.* (quoting *In re Drexel Burnham Lambert Grp.*, 995 F.2d 1138, 1147 (2d Cir. 1993)).  Rule 38 requires that the arguments be "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence."  *Id.* (quoting *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381–82 (2d Cir. 1982)).

In support of the first point, Appellant provided citations to caselaw, some—though not all—of them relevant, and argued that the bankruptcy court improperly required the Debtors to submit evidence at the pleading stage.  As this Court noted in footnote 5 of its prior decision on appeal, "the bankruptcy court stated in its written order that the Debtors 'offered no proof.'" (Dkt. No. 13, p. 9).  Use of the term "proof" could reasonably lead to confusion regarding the bankruptcy court's order, even though the context of that order shows that the bankruptcy court found the pleadings insufficient, instead of requiring evidence.  Thus, there is not a sufficient

showing that point one, which constitutes the crux of the appeal, is entirely baseless. Appellant's third point—that the bankruptcy court erred in finding that his pleadings were insufficient—is meagerly supported, but supported nonetheless. Appellant made a bona fide though misguided attempt to distinguish a case that the bankruptcy court relied upon in its decision. For this reason, the Court cannot find that point three is entirely baseless.

Conversely, the remaining two points fail to present well-reasoned argument and relevant case support. There was no support for Appellant's argument that the bankruptcy court was not impartial.

Nevertheless, considering the matter as a whole, the Court does not find that the appeal was frivolous. Because the crux of the appeal—though admittedly lacking—is not "groundless" and "without foundation," the Court, in its discretion, declines to impose sanctions.

Attorney Selbach's dilatory representation in this matter has caused substantial inconvenience to the Court and the litigants. The Court reminds Attorney Selbach of his obligations under Rules 1.3 and 3.3(f) of the New York State Unified Court System Rules of Professional Conduct regarding diligence and prohibiting the habitual violation of established rules of procedure.[1]

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Appellee's motion for sanctions under Bankruptcy Rule 8020 is

---

[1] Appellee cites out-of-circuit caselaw that a party's misconduct may render its appeal "frivolous as argued." (Dkt. No. 17, p. 15). Seeing no Second Circuit caselaw reflecting this approach, the Court will not sanction Attorney Selbach under this theory.

**DENIED.**

**IT IS SO ORDERED.**

Dated: August 8, 2017

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge